Douglas D. Gerrard, Esq.
Nevada Bar No. 4613
Nathan R. Henderson, Esq.
Nevada Bar No. 13145
2450 St. Rose Parkway, Suite 200
Las Vegas, Nevada 89074
(702) 796-4000
Attorneys for Plaintiff,
*Alisa Gifford*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| ALISA GIFFORD, a resident of Oregon,<br><br>Plaintiff,<br><br>vs.<br><br>DANA FORTE, D.O., LTD., d/b/a,<br>FORTE FAMILY PRACTICE, a Nevada<br>domestic professional corporation;<br>DANA FORTE, D.O., a resident of Nevada;<br>JOHN DOE DEFENDANTS I through X;<br>ROE CORPORATIONS I through X,<br><br>Defendants. | Case No: 2:18-cv-00232 |

## COMPLAINT

### JURY DEMAND

COMES NOW Plaintiff, ALISA GIFFORD, an Oregon resident  ("Gifford"), by and through her attorneys of record, the law firm of GERRARD COX LARSEN, and for her Complaint against DANA FORTE, D.O., LTD., d/b/a, FORTE FAMILY PRACTICE, a Nevada domestic professional corporation; DANA FORTE, D.O., a Nevada resident; JOHN DOE DEFENDANTS I through X; and ROE CORPORATIONS I through X, alleges and avers as follows:

### JURISDICTION

1.    Plaintiff, ALISA GIFFORD, is a resident of Nevada.

2.    Upon information and belief, Defendant DANA FORTE, D.O., LTD., d/b/a,

FORTE FAMILY PRACTICE is a Nevada domestic professional corporation actively

conducting business in the State of Illinois.

3.    Upon information and belief, Defendant DANA FORTE, D.O. is a Nevada resident.

4.   Upon information and belief, JOHN DOE DEFENDANTS I through X are Nevada residents.

5.   Upon information and belief, ROE CORPORATIONS I through X are Nevada corporations.

6.   Jurisdiction in this Court is appropriate as this case seeks relief under the Fair Labor Standards Act, 29 U.S.C. § 8 ("FLSA") and therefore asserts a federal question.

## GENERAL ALLEGATIONS

7.   On or about June 27, 2016, ALISA GIFFORD ("Gifford") and DANA M. FORTE, D.O. ("Forte") acting on behalf of DANA FORTE, D.O., LTD., d/b/a, FORTE FAMILY PRACTICE ("Forte Practice") entered into an Employment Agreement ("Agreement").

8.   Pursuant to the Agreement, on July 8, 2016, Gifford began working at the Forte Practice on July 8, 2016.

9.   Gifford stopped working at the Forte Practice on August 11, 2017, so that she could move with her family to Oregon.

## A.   UNCOMPENSATED WORK AND TIME CARD FRAUD

10.   Pursuant to the Agreement Gifford was paid hourly for her work.

11.   In an apparent attempt to superficially comply with NRS 608.019 the Forte Practice required all employees to take an unpaid hour lunch during eight hour shifts.

12.   The Forte Practice routinely required Gifford and other employees to continue to work through their lunch breaks without pay.

13.   Whenever Gifford and other employees worked through the day without clocking out for lunch, the Forte Practice would retroactively revise employees' work logs to show them as not having worked during an hour for lunch and would subtract an hour from employees' owed wages.

14.   Additionally, payment for Gifford and other employees was capped at 40 hours per week but employees, including Gifford, were routinely required to work beyond the 40 hour cap without pay.

B.  **UNREIMBURSED EXPENSES**

15.  Section 5.02 of the Agreement provides for the reimbursement by the Forte Practice of all expenses to maintain necessary licensing and professional memberships.

16.  Gifford provided proof of $4,029.75 of expenses incurred to maintain necessary licensing and professional memberships prior to her departure from the Forte Practice.

17.  Additionally, Gifford was required to provide her own otoscope and stethoscope to perform her work at the Forte Practice, both of which were broken by staff members of the Forte Practice incurring damages to Gifford of no less than $264.64.

18.  Gifford was also required to maintain a subscription to the Epocrates System at the cost of $174.99, which cost was never reimbursed.

19.  Gifford is additionally owed $479.45 for medical, dental and vision insurance which was withdrawn from her checks for periods after her insurance had been terminated, yet these insurance prepayments were not reimbursed upon her departure.

C.  **UNPAID BONUS AND ACCRUED TIME OFF**

20.  On or about July 21, 2017, Gifford notified Forte that she would be terminating her services and requested a determination be made of what she would be paid for her earned bonus and accrued paid time off.

21.  Forte instructed Gifford to negotiate the terms of her departure with Valerie Maldonado ("Maldonado"), the office manager for Forte Family Practice.

22.  After a series of in-person conversations, on August 1, 2017, Maldonado sent the following text message to Gifford:

I will have it in writing and u both can sign tmw am ok but here it is in text form 120 pto hours minus the 16 taken = 104 hrs at hourly rate plus flat payment of bonus $1062.65 plus your regular worked days i.e. time card all correct

23.  120 accrued paid-time-off ("PTO") hours at Gifford's hourly rate of pay of $60.00 per hours results in $6,240.00 owed for accrued PTO in addition to the $1,062.65 bonus earned.

24.  Despite repeated requests by Gifford, the Forte Practice has failed and refused to pay any amount whatsoever for accrued PTO or bonus earned.

3

1

## FIRST CAUSE OF ACTION

2

**(Violation of FLSA Minimum Wage against Forte and the Forte Practice)**

3    25.    Plaintiff Gifford repeats and alleges every allegation contained in Paragraphs 1 through

4        24 of the Complaint and incorporates the same as if more fully set forth herein.

5    26.    Gifford brings this First Cause of Action pursuant to 29 U.S.C. § 216(b).

6    27.    Pursuant to 29 U.S.C. § 206, Gifford was entitled to a minimum wage for all hours

7        worked, including during the period when she was compelled to work without

8        compensation during fictitious lunches and when forced to clock out and continue

9        working after reaching forty hours worked in a week.

10    28.    Forte and the Forte Practice's (collectively "Defendants") violations of the FLSA were

11        intentional and willful.

12    29.    Gifford seeks a judgment for unpaid minimum wages and additional liquidated

13        damages of 100% of any unpaid minimum wages, such sums to be determined based

14        upon an accounting of the uncompensated hours worked by Gifford.

15    30.    Gifford seeks an award of attorney's fees, interest and costs as provided for by the

16        FLSA.

17

## SECOND CAUSE OF ACTION

18

**(Violation of FLSA Overtime Wage Law against Forte and the Forte Practice)**

19    31.    Plaintiff Gifford repeats and alleges every allegation contained in Paragraphs 1 through

20        30 of the Complaint and incorporates the same as if more fully set forth herein.

21    32.    Gifford brings this Second Cause of Action pursuant to 29 U.S.C. § 216(b).

22    33.    Pursuant to 29 U.S.C. § 207, Gifford was entitled to overtime wages for all hours

23        worked in excess of eight per day and forty per week, including during the period when

24        she was compelled to work without compensation during fictitious lunches and when

25        forced to clock out and continue working after reaching forty hours worked in a week.

26    34.    Defendants' violations of the FLSA were intentional and willful.

27    //

28    //

35. Gifford seeks a judgment for unpaid overtime wages and additional liquidated damages of 100% of any unpaid overtime wages, such sums to be determined based upon an accounting of the hours worked by Gifford.

36. Gifford seeks an award of attorney's fees, interest and costs as provided for by the FLSA.

### THIRD CAUSE OF ACTION

**(Breach of Contract against the Forte Practice)**

37. Plaintiff Gifford repeats and alleges every allegation contained in Paragraphs 1 through 36 of the Complaint and incorporates the same as if more fully set forth herein.

38. The Agreement constitutes a valid and enforceable contract, supported by adequate consideration.

39. Gifford has performed all of her obligations and conditions precedent in and to the Agreements.

40. The Forte Practice breached its obligations under the Agreement by failing to compensate Gifford for all hours worked, for accrued time off, for her earned and promised bonus and by failing to reimburse her for her expenses accrued in fulfilling the terms of the Agreement.

41. As a direct and proximate result of the breaches of contract by the Forte Practice, has been damaged in an amount to be determined at trial.

42. As a result of the actions of the Forte Practice, Gifford has been required to retain legal counsel and has incurred attorneys' fees and costs in prosecuting this matter, and under the terms of the Agreements is entitled to a recovery of the same against said Defendants.

### FOURTH CLAIM FOR RELIEF

**(Breach of Implied Covenant of Good Faith and Fair Dealing against the Forte Practice)**

43. Plaintiff Gifford repeats and alleges every allegation contained in Paragraphs 1 through 42 of the Complaint and incorporates the same as if more fully set forth herein.

//

5

44. There exists under Nevada law an implied covenant of good faith and fair dealing inherent in the Agreement.

45. The Forte Practice breached its covenant of good faith and fair dealing inherent in the Agreement.

46. As a direct and proximate result of the breaches of the implied covenant of good faith and fair dealing by the Forte Practice, Gifford has been damaged in an amount to be determined at trial.

47. As a result of the actions of the Forte Practice, Gifford has been required to retain legal counsel and has incurred attorneys' fees and costs in prosecuting this matter, and under the terms of the Agreements is entitled to a recovery of the same against said Defendants..

## FIFTH CLAIM FOR RELIEF

### (Unjust Enrichment against the Forte Practice)

48. Plaintiff Gifford repeats and alleges every allegation contained in Paragraphs 1 through 47 of the Complaint and incorporates the same as if more fully set forth herein.

49. Gifford has been deprived of the pay she was rightfully owned by the actions of the Forte Practice.

50. Gifford has been deprived of the reimbursement of expenses she was for which she was entitled to be reimbursed by the Forte Practice.

51. The Forte Practice has benefitted from Gifford's uncompensated labor and from the benefits of the expenses Gifford incurred that were not reimbursed.

52. The Forte Practice has been unjustly enriched by the uncompensated labor of Gifford and the retention without reimbursement of the benefits derived from the expenses Giford has incurred.

53. Gifford has been damaged by the Forte Practice's unjust enrichment.

54. Giford is entitled to general and special damages incurred as a result of the Forte Practice's unjust enrichment.

//

6

55.   Gifford furthermore has been required to retain counsel and is entitled to recover reasonable attorneys' fees for having brought the underlying action.

WHEREFORE, Plaintiff prays for judgment against the Defendants as follows:

1.   For an Order compelling and requiring Forte and the Forte Practice to complete and turn in the Verification Form.

2.   For a judgment against the Defendant in an amount in excess of SEVENTY-FIVE THOUSAND and 00/100 Dollars ($75,000.00).

3.   For reasonable attorneys' fees and costs incurred in bringing this action;

4.   For such other and further relief as the Court deems just and proper.

DATED this _____ day of February, 2018.

GERRARD COX & LARSEN

Douglas D. Gerrard, Esq.
Nevada Bar No. 4613
Nathan R. Henderson, Esq.
Nevada Bar No. 13145
2450 St. Rose Parkway, Suite 200
Henderson, Nevada  89074
*Attorneys for Plaintiff,*
*Alisa Gifford*